IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNATHAN HUNT, (TDCJ-CID #560374) | § § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. H-11-1523 |
| RICK THALER, | § § § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Johnathan Hunt, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging the revocation of his parole. Hunt is serving a sentence for an auto theft conviction. The respondent filed a motion for summary judgment on the ground that Hunt filed this petition too late. (Docket Entries Nos. 10 & 11).[1] The respondent has filed copies of the state court record. Hunt has responded. (Docket Entry No. 13). Based on a review of the motion and response, the record, and the applicable law, this court grants the respondent's motion. The reasons are set forth below.

**I.     Background**

Hunt pleaded guilty to the felony offense of auto theft. (Cause Number 549806 in the 263rd Judicial District Court of Harris County, Texas). On August 1, 1990, the court sentenced Hunt to a 25-year prison term. The Texas Board of Pardons and Parole ("Board") released Hunt to parole on February 1, 1994. His parole was revoked on August 29, 1996. The Board again released Hunt on to parole on June 12, 2001. His parole was revoked again on March 22, 2005. Hunt was released

---

[1] The respondent submitted two copies of the motion for summary judgment. (Docket Entries Nos. 10 & 11). The second copy contains attachments.

to parole for a third time on January 3, 2006. His parole was revoked on November 13, 2008. In this federal petition, Hunt challenges the 2008 parole revocation.

Hunt filed an application for state habeas corpus relief challenging his 2005 parole revocation on May 19, 2005. The Texas Court of Criminal Appeals dismissed this application without written order on July 27, 2005. *Ex parte Hunt*, Application No. 62,406-01 at cover.

On April 20, 2011, this court received Hunt's federal petition. The petition was filed when Hunt tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Hunt deposited his federal petition in the prison mail on the date he signed it, April 16, 2011. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998).

Hunt contends that his parole revocation is void for the following reasons:

(1) his parole was improperly revoked based on "dirty" urinalysis results instead of on the original violation of failure to comply with telephonic monitoring;

(2) his confinement violates double jeopardy because he was previously punished for three "dirty" urinalysis results;

(3) the Board failed to appoint counsel at the revocation hearing; and

(4) the Board denied him credit for the seven years he served on parole and improperly added that time to his 25-year sentence.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 7-8A). The threshold issue is whether Hunt filed this federal petition too late to permit this court to consider it on the merits.

## II.   Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In his first three grounds for habeas relief, Hunt challenges the revocation of his parole, not his underlying conviction for auto theft. The date that Hunt's state conviction became final does not

enter into the analysis of whether Hunt's federal petition was timely. 28 U.S.C. § 2244(d)(1)(a). The issue is when Hunt discovered the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(D).

Hunt attended his parole revocation hearing on September 30, 2008. The Board revoked his parole on October 13, 2008. Hunt clearly knew the factual predicate of his first three claims no later than October 13, 2008, when his parole was revoked. The limitations period ended one year later, on October 13, 2009. Hunt did not file this federal petition until April 16, 2011.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Hunt's only state habeas application challenged an earlier parole revocation. Moreover, this application was not filed during the one-year limitations period and did not have any tolling effect. Hunt's first three grounds relating to the revocation of his parole in 2008 are barred by limitations.

In his fourth ground, Hunt challenges the denial of credit on his sentence for time spent on parole. Hunt provides an Inmate Time Slip dated June 17, 2008. (Docket Entry No. 13, Petitioner's Response, Ex. E, p. 1). This document indicates that Hunt's maximum expiration date was July 14, 2021. This document showed that Hunt would not receive credit for the seven years he spent on parole. When his parole was revoked in October 2008, Hunt would have learned that he would not receive credit on his sentence for time he had spent on parole. Hunt should have discovered the factual predicate of this claim at the latest on October 13, 2008, when his parole was revoked. This claim is untimely unless limitations was tolled.

In *Stone v. Thaler*, 614 F.3d 136 (5th Cir. 2010), the Fifth Circuit explained that Texas law requires prisoners disputing time-served credit to file a dispute-resolution request ("TDR") and wait until they receive a written decision or 180 days before filing a state habeas application. The Fifth

Circuit held that because filing a TDR impedes a prisoner's ability to file for state habeas relief, AEDPA limitations is tolled during the pendency of the TDR or for 180 days after it is filed.

Hunt filed a TDR on December 30, 2008. The TDR was denied on May 19, 2009. (Docket Entry No. 14, Respondent's Motion for Summary Judgment, Ex. A, p. 2). The federal limitations period was tolled, but even as tolled expired well before Hunt filed this petition. The fourth ground for habeas relief is also time-barred.

The one-year limitations period for filing habeas petitions is subject to equitable tolling. *See Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)(citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). As a general rule, equitable tolling operates only "in rare and exceptional circumstances," to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling applies "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted). Neither "excusable neglect" nor ignorance of the law justifies equitable tolling. *Id.* Equitable tolling "will not be granted if the applicant failed to diligently pursue his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004). The applicant bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000). A district court "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

Hunt asserts that actual innocence precludes the dismissal of this § 2254 petition as time-barred. (Docket Entry No. 13, Petitioner's Response, p. 2). The one-year limitation period contains no exemption for litigants claiming actual innocence. A claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002). In addition, Hunt has not met his burden of showing that he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298 (1995). An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. at 327); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

The exhibits attached to Hunt's response show that on June 20, 2008, Hunt admitted to violating Rule 8S of the conditions of parole, failure to abstain from the use of illegal drugs, on May 16, May 22, and June 10, 2008. (Docket Entry No. 13, Petitioner's Response, Attachment, p. 3). On September 30, 2008, Hunt admitted to violating Rule 8-O, refusing to attend a treatment program and creating a disturbance. (*Id.* at 6). Hunt points to no evidence showing actual innocence. The party seeking equitable tolling has the burden to show entitlement to such tolling. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Hunt has not carried his burden to show that equitable tolling is warranted.

Hunt does not identify any other grounds for equitable tolling and the record discloses none. Nor does Hunt satisfy any of the exceptions to the AEDPA's statute of limitations. The record does not indicate that any unconstitutional state action prevented Hunt from filing an application for federal habeas relief prior to the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Hunt's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hunt has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D). His claims relate to his parole revocation that took place in October 2008, and he reasonably should have been aware of them at that time.

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas,* 190 F.3d 310, 314 (5th Cir. 1999). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The pleadings and state court records show that Hunt's federal petition is untimely.

## III. Conclusion

The respondent's motion for summary judgment, (Docket Entries Nos. 10 & 11), is granted. Hunt's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. Hunt's motion for bench warrant, (Docket Entry No. 12), is denied. All remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing

*Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of Appealability should issue only if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack,* 529 U.S. at 484). Hunt has not made the showing necessary for issuance of a Certificate of Appealability.

SIGNED on November 22, 2011, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge